KIMMEL *v.* PEACH.

1. FRAUD—CONTRACTS—RESCISSION—VENDOR AND PURCHASER.
   In a suit to rescind a contract for the sale of a farm on the ground that it was induced by fraud, the finding of the court below that fraud was established, *held*, justified by the record.

2. SAME—RECOVERY FOR IMPROVEMENTS—MEASURE OF RECOVERY.
   On the rescission of a contract for the sale of a farm induced by the fraud of the purchaser, if the latter has made improvements increasing its value, he is entitled to recover same; the measure of his compensation being only

---

[1]Vendor and Purchaser, 39 Cyc. p. 1398; [2]Id., 39 Cyc. p. 1402.

the increase, if any, occasioned thereby, and not the sums expended thereon.

3. SAME—CASE REMANDED TO DETERMINE VALUE OF IMPROVEMENTS. Where it is impossible, on appeal, to determine whether expenditures made by the purchaser of a farm have increased its value, and if so, to what extent, on rescission of the sale the case is remanded to the court below for the purpose of determining said question and awarding any sum due him not exceeding his expenditures and obligations for said purpose.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 15, 1927. (Docket No. 87.) Decided December 1, 1927.

Bill by Grant Kimmel and another against Chester C. Peach to rescind a land contract on the ground of fraud, and for an accounting. From a decree for plaintiffs, defendant appeals. Modified and remanded.

*Cavanaugh & Burke* (*Jacob F. Fahrner*, of counsel), for plaintiffs.

*Don W. Van Winkle* and *Carl A. Lehman*, for defendant.

WIEST, J. This is an appeal by defendant from a decree rescinding his purchase of plaintiffs' farm. The court found the contract of sale was induced by defendant's fraudulent representations. Plaintiffs owned a farm in Washtenaw county, with some frontage on a small lake. The lake frontage was low land and to make it suitable for buildings required a canal about 60 rods in length. Plaintiffs listed the farm for sale with defendant, a real estate broker at Brighton. This led to a proposition by defendant that he would purchase the farm, plat it, improve the land, sell lots and pay the purchase price and the cost of improvements out of such sales. March 6, 1925,

<hr>

³Appeal and Error, 4 C. J. § 3157.

plaintiffs and defendant went to the office of an attorney in the village of Chelsea, had him prepare and they executed a contract in which plaintiffs agreed to sell their farm to defendant for $12,000, reserving the use and income of the farm until payment of the purchase price. Defendant agreed to plat a part of the farm and construct a canal, 20 feet wide and 6 feet deep, pay plaintiffs $100 upon each lot sold, outside of the timber land, and $140 on each timber lot sold, pay the purchase price of $12,000 in 7 years, with interest at 6 per cent. after the first year, and before the release of lots to pay plaintiffs $550 so they could satisfy a mortgage on the farm. The plat was executed and recorded, the canal created, three or four lots sold on contract with small payments down, and one lot sold for a substantial sum paid. Under this peculiar contract it was important that defendant have means to improve the property and render it desirable for cottages.

The circuit judge found:

"That the said defendant, Chester C. Peach, represented to the plaintiffs that he the said defendant had tangible assets of $30,000 or more; that he, the said defendant, was a man of extended experience as a real estate dealer and was especially versed in the subdividing of land and the sale of lots arising therefrom, and that he, the said defendant, was a man of fixed and marked integrity, and that the said defendant would have the said plaintiffs wholly paid under the alleged contract by about next summer, 1925. The court further finds that these representations made by the said defendant to induce the plaintiffs to enter into the said contract with him, were false and untrue; were of a material kind and character, and that the plaintiffs were induced by the said false representations of the said defendant, and only because of them, to enter into the said contract. And the court further finds that the plaintiffs entered into the said contract relying upon said false and fraudulent representations of the said defendant and that the said plaintiffs have been deceived and damaged thereby, and that the said

contract would never have been made except for the said false and fraudulent representations made by the said defendant to the said plaintiffs."

An examination of the record persuades us the circuit judge was right.

Defendant claims to have made the premises more valuable by setting out shade trees, constructing the canal, purchasing material for outbuildings, surveying, staking lots, seeding, and labor. The court below did not allow defendant anything. There was evidence tending to show an increase in value occasioned by the things mentioned, and also evidence to the contrary. If defendant, in carrying out the terms of the contract, made improvements on the property increasing the value, he should be allowed the expense thereof, not exceeding, however, the increase in value conferred on the premises. The measure of his compensation is not the sums he expended, but only the increase, if any, occasioned the farm by the improvements he made.

The case appears to have been tried on the theory that defendant was entitled to be repaid his investments in the property. Such is not the rule. The record shows defendant is indebted to various parties for much of the material furnished and labor performed. This, however, in the absence of any liens for such material and labor, does not excuse the plaintiffs from being held to pay defendant for the increase in value, if any, occasioned the property thereby. From this record we cannot say to what extent, if any, the property has been benefited by defendant's investments and obligations.

The decree rescinding the contract is affirmed, and the case remanded to the circuit to take evidence upon and determine the question of whether defendant's investments have increased the value of the property, and, if so, to what extent, and award defendant such

sum as may be found his due, not exceeding his expenditures and obligations.    Plaintiffs will recover costs of this court.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.